## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 14 2016, 6:07 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Deborah Markisohn<br>Marion County Public Defender Agency<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Tyler G. Banks<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Basden Breakfield,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 14, 2016<br><br>Court of Appeals Case No.<br>49A02-1507-CR-846<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Kurt Eisgruber, Judge<br><br>Trial Court Cause No.<br>49G01-1402-FA-9438 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial, Basden Breakfield was convicted of burglary, two counts of rape, two counts of criminal confinement, three counts of criminal deviate conduct, and three counts of battery. The trial court sentenced Breakfield to an aggregate sentence of ninety-two years in the Indiana Department of Correction. Breakfield appeals his convictions and sentence, raising two issues for our review: (1) whether his dual convictions of criminal confinement violate the continuing crime doctrine, and (2) whether the trial court abused its discretion in admitting irrelevant evidence at sentencing. Concluding the trial court did not abuse its discretion in admitting evidence at sentencing, but Breakfield's convictions of criminal confinement violate the continuing crime doctrine, we affirm in part, reverse in part, and remand with instructions for the trial court to vacate one of the criminal confinement convictions.

# Facts and Procedural History

[2] In the early morning hours of February 23, 2014, R.F. awoke to a man, later identified as Breakfield, grabbing her by the ankles. As R.F. struggled to free herself, Breakfield jumped on the bed, pinned R.F.'s arms to the bed, and struck R.F. multiple times on the back of her head with his hand. Resigned to the fact she would be unable to free herself, R.F. stopped struggling. Breakfield then bound R.F.'s wrists and ankles with duct tape. Over the next several hours, Breakfield penetrated R.F.'s vagina with his fingers and penis, forced R.F. to perform oral sex, and struck R.F.'s head several times with a hammer.

[3] When R.F. did not arrive at work that morning, R.F.'s co-workers became concerned and attempted to contact her. Thereafter, the co-workers went to R.F.'s residence to check on her well-being. Upon arrival, the co-workers discovered a window above the home's back door had been broken and called 911. The police arrived and arrested Breakfield as he attempted to hide inside R.F.'s bedroom. When the police discovered R.F., her ankles and wrists were still bound.

[4] The State charged Breakfield with Count I, burglary, a Class A felony; Counts II and III, rape, Class B felonies; Counts IV and V, criminal deviate conduct, Class B felonies; Count VI, criminal confinement, a Class B felony; Counts VII and VIII, battery, Class C felonies; Count IX, criminal confinement, a Class D felony; Counts X and XI, battery, Class A misdemeanors; and Count XII, criminal deviate conduct, a Class A felony. The jury found Breakfield not guilty as to Count VIII and guilty as to the remaining counts. The trial court entered judgment of conviction on Counts I-VII and Counts IX-XI.[1]

[5] At the sentencing hearing, the State called Marion County Sherriff's Deputy Jennifer Castellon, who was responsible for transporting Breakfield back to the county jail following the first day of trial. Deputy Castellon testified that, after the trial court adjourned for the day, she escorted Breakfield towards an elevator when Breakfield stated "he would like to do some of those things" to

---

[1] The trial court merged Count XII with Count V.

her. Transcript at 318. Breakfield objected, arguing the evidence was not relevant; the trial court overruled the objection. Deputy Castellon further testified that she interpreted Breakfield's comment as meaning Breakfield wanted to do the same things to her as he did to R.F. During its final statement, the State argued the trial court should not find any mitigating circumstances, citing Deputy Castellon's testimony and the fact Breakfield was accused of committing battery against a law enforcement officer and fellow inmate while in jail awaiting trial for the offenses committed against R.F.

[6] In its sentencing statement, the trial court did not reference Deputy Castellon's testimony nor Breakfield's alleged offenses while awaiting trial. Rather, the trial court identified the facts and circumstances of the case as the "overwhelming" aggravator; specifically, the trial court noted the "premeditative aspects" of the crime and the fact the "torture" occurred over a period of several hours outweighed any mitigating circumstances. *Id.* at 340. The trial court sentenced Breakfield to an aggregate sentence of ninety-two years in the Department of Correction. This appeal ensued.

# Discussion and Decision

## I. Continuing Crime Doctrine

[7] Breakfield contends his dual convictions of criminal confinement violate the continuing crime doctrine, which the State concedes. The continuing crime doctrine "defines those instances where a defendant's conduct amounts only to a single chargeable crime and prevents the State from charging a defendant

twice for the same continuous offense." *Koch v. State*, 952 N.E.2d 359, 373 (Ind. Ct. App. 2011), *trans. denied*. Specifically, the doctrine "provides that actions that are sufficient in themselves to constitute separate criminal offenses may be so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction." *Id.* (citation omitted). It is well-established one continuous period of confinement may result in only one criminal confinement conviction. *Taylor v. State*, 879 N.E.2d 1198, 1203 (Ind. Ct. App. 2008). "Under this doctrine, the span of the . . . confinement is determined by the length of time of the unlawful detention necessary to perpetrate the crime. It begins when the unlawful detention is initiated and ends only when the victim both feels, and is in fact, free from detention." *Koch*, 952 N.E.2d at 374 (citation omitted).

[8] Here, Breakfield initially grabbed R.F.'s ankles, jumped on her bed, and pinned her arms to the bed. R.F. attempted to free herself, but stopped struggling because she was afraid Breakfield would harm her if she tried to get away. Thereafter, Breakfield bound R.F.'s wrists and feet with duct tape. R.F. remained bound until police officers arrived and arrested Breakfield. There is nothing in the record to indicate R.F. felt, and was in fact, free from detention at any point. R.F. suffered through one continuous period of confinement, and we therefore conclude Breakfield's dual convictions of criminal confinement violate the continuing crime doctrine and one must be reversed. On remand,

we instruct the trial court to vacate one of those convictions.[2]  *See Leggs v. State*, 966 N.E.2d 204, 211 (Ind. Ct. App. 2012) (concluding the defendant's dual criminal confinement convictions violated the continuing crime doctrine and ordering the trial court to vacate one of the convictions on remand).

# II.  Sentencing

## A.  Standard of Review

We review a trial court's sentencing decision for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.  An abuse of discretion occurs when the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."  *Id.* (citation omitted).  A trial court may abuse its discretion in failing to enter a sentencing statement, finding aggravating or mitigating circumstances unsupported by the record, or noting reasons that are improper considerations as a matter of law.  *Id*. at 490-91.

## B.  Admission of Breakfield's Statement

Breakfield contends the trial court abused its discretion at sentencing in admitting evidence that was improper as a matter of law.  Specifically, Breakfield argues Deputy Castellon's testimony and the State's reference to the

---

[2] The sentences for the dual criminal confinement convictions were to be served concurrent to each other. Therefore, the trial court need not resentence Breakfield on remand.

alleged offenses committed by Breakfield while in jail were irrelevant to the sentencing proceedings. The State counters the evidence was relevant to show the trial court should not find any mitigating circumstances. We agree with the State.

[11] At the outset, we note the rules of evidence do not apply to sentencing proceedings. Ind. Evidence Rule 101(d)(2). "The rationale for exempting certain proceedings, including sentencing, from the rules of evidence is to provide the trial judge with the widest range of relevant information in reaching an informed decision." *Dumas v. State*, 803 N.E.2d 1113, 1120-21 (Ind. 2004). In determining what sentence to impose for a crime, the trial court may weigh aggravating and mitigating circumstances. *See* Ind. Code § 35-38-1-7.1(a), (b) (2014). In doing so, a court may consider—as a mitigating circumstance—whether the defendant's character and attitude indicates he is unlikely to commit another crime. Ind. Code § 35-38-1-7.1(b)(8).

[12] Here, Deputy Castellon testified Breakfield stated "he would like to do some of those things" to her. Tr. at 318. Deputy Castellon interpreted this as meaning Breakfield wanted to do the same things to her as he did to R.F. We conclude Deputy Castellon's testimony was relevant to show Breakfield's character, attitude, and propensity to reoffend. *See* Ind. Code § 35-38-1-7.1(b)(8). In addition, we conclude the State's reference to the alleged offenses committed by Breakfield against a law enforcement officer and fellow inmate while awaiting trial was also relevant to show Breakfield's character, attitude, and propensity to reoffend. *See id.*

Finally, even if we were to assume the admission of the evidence was improper as a matter of law, there is nothing in the trial court's sentencing statement indicating it noted, or gave any weight to, Deputy Castellon's testimony or Breakfield's alleged misconduct in jail. *See Anglemyer*, 868 N.E.2d at 490-91 (stating a trial court abuses its discretion if the sentencing statement includes reasons that are improper considerations as a matter of law). Accordingly, the trial court did not abuse its discretion in admitting evidence at the sentencing hearing.

# Conclusion

Concluding the trial court did not abuse its discretion in the admission of evidence at sentencing, but that Breakfield's dual convictions of criminal confinement violate the continuing crime doctrine, we affirm in part, reverse in part, and remand with instructions that one of the criminal confinement convictions be vacated.

Affirmed in part, reversed in part, and remanded with instructions.

Barnes, J., and Altice, J., concur.